KING, Senior Judge,
dissenting.
22 U.S.C. § 4054(a)(1) (2006)[1] requires that, in order to waive one’s property right in a spouse’s foreign service pension, he or she must do so expressly. I would find, as a matter of law, that the attempted waiver here was not “express.” I agree with the trial court that such a waiver must include a specific reference to the Foreign Service pension in order to be valid.
While the majority makes little of Angulo v. Gochnauer, 772 A.2d 830 (D.C.2001), I And it most helpful. The majority distinguishes Angulo, where this court found that there was no express waiver, because the agreement in that case did not use the word “pension” while the agreement between the Oshinaikes does. However, the agreement in Angulo was also different from the Oshinaikes’ agreement because it was more detailed and comprehensive.[2] I am persuaded that, where even a waiver as *1211 detailed as the one in Angulo is not deemed “express” by this court, the Oshi-naikes’ similar, formulaic recitations should not be either.[3]
I find it significant that we did not hold in Angulo that there was no express waiver solely on the ground that the words “Foreign Service” were missing; nor did we hold that there was no express waiver because the word “pension” was missing. I think it unwise to decide this case, as the majority does, on the ground that the word “pension” was used here. Such a holding only invites more confusion. One need not stretch the imagination to come up with a number of circumstances that would be just as uncertain to this court, and just as much a question of first impression. For example, applying the majority opinion in this case, what if the word pension is used in some existing or future agreement but there is more than one pension in existence at the time of the agreement? What if the word pension is not used but the words “Foreign Service” are? I think the better course, and in line with both Angulo and our requirement to strictly construe the Act[4], is to hold that express waiver of *1212 the right to the pension in question under the Act requires specific mention of the Foreign Service-pension and no less.
For these reasons, I dissent.

. “Unless otherwise expressly provided by any spousal agreement ... a former spouse of a participant or former participant is entitled to an annuity ... [assuming, as here, that period of service requirements are met].” 22 U.S.C. § 4054(a)(1).

. The Angulo opinion described pertinent sections of the parties’ agreement as such:
The parties stated in a "whereas” clause of the property settlement agreement that they desired " ‘to settle all rights, interests and obligations between them and to obtain a full, complete and final property settlement and agreement, including a settlement of all property interests and all claims between or against each other[.]’ ” The • agreement thereafter contained the following provisions upon which appellant relies:
(3) Each party hereby forever discharges, relinquishes and releases all right, title and interest which he or she now has or ever had or ever may have in and to the real, personal and mixed property of the other; *1211 all rights of curtesy and dower; all right, title and interest which he or she has or may ever have in and to the property or estate of the other at death, all right and interest to take against the other’s will or under the intestate laws, and each and every other claim of right, title or interest he or she has or may ever have against the other....
(6) Each party hereby agrees that no support or alimony shall be payable to either party by the other.
(7) Each party further agrees that neither party shall maintain any form of insurance for the benefit of the other party. From the date of this agreement, neither party shall have any right or claim in any insurance policy of the other party ...
(11) The parties hereto shall and will at any time or times hereinafter make, execute and deliver any and all such further instruments and things as the other of such parties shall require for the purpose of giving full effect to these presents, and to the covenants and agreements thereof.
Angulo, 772 A.2d at 832-33.

. The entirety of the Oshinaikes’ November 2011 agreement read as follows:
Solomon Oshinaike waives all rights to Marcia Oshinaike’s pension and survivor benefits.
Marcia Oshinaike waives all rights to Solomon Oshinaike’s pension and survivor benefits.
Solomon Oshinaike waives all rights to Marcia Oshinaike’s residence located at 2220 Quincy NE, Washington, DC; there are no marital property issues to be resolved.
Marcia Oshinaike waives all rights to Solomon Oshinaike’s property in Lagos, Nigeria; there are no property issues to be resolved.
There are no alimony or child support issues to be resolved.
There are no marital or personal dept [sic ] issues to be resolved. Marcia Oshinaike and Solomon Oshinaike are responsible for their own dept’s [sic] incurred in their names.
The Oshinaikes’ 2013 agreement, which was said to act as a "continuation” of the 2011 agreement simply repeated most of the same language as the 2011 agreement and read as follows;
I, Solomon Oshinaike, waive all rights to Marcia Oshinaike’s pension, federal health benefits, annuity, and survivor benefits.
I, Marcia Oshinaike, waive all rights to Solomon Oshinaike’s pension, federal health benefits, annuity, and survivor benefits.
I, Solomon Oshinaike, waive all rights to the residence and property located at 2220 Quincy Street NE, Washington, DC 20018; there are no property issues to be resolved. I, Marcia Oshinaike, waiver [sic ] all rights to Solomon Oshinaike’s property in Lagos, Nigeria; there are no property issues to be resolved.
There are no alimony or child support issues to be resolved.
There are no marital or personal debt issues to be resolved. Marcia Oshinaike and Solomon Oshinaike are responsible for their own debt’s [sic] incurred in their names.

. The majority acknowledges that the Act must be "strictly construed.” See majority opinion at 1209 citing Angulo, 772 A.2d at 835.